IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN R. TINGLE o/b/o D.B., | : |
| | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : |
| | : No. 10-cv-398 |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SOCIAL SECURITY | : |
| | : |
| **Defendant.** | : |

## MEMORANDUM

**STENGEL, J.**                                                                                   October 11, 2013

Dawn Tingle, plaintiff, filed this civil action on behalf of her minor son, Dylan, requesting review of the Social Security Commissioner's final decision that the plaintiff was not eligible for child's Supplemental Security Income (SSI) under the Social Security Act. I referred the matter to Magistrate Judge Restrepo, who recommends that I affirm the Commissioner's denial of benefits. Plaintiff filed objections to the report and recommendation, and the Commissioner responded. For the reasons that follow, I will adopt the report and recommendation.

## I.  BACKGROUND

Judge Restrepo summarized the procedural history as follows:

> On March 21, 2007, when Dylan was 14 years old, his mother filed an application for child's SSI on his behalf alleging disability due to several impairments. (R. 69.) On June 7,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration and, therefore, she should be automatically substituted as the defendant in this action. See Fed. R. Civ. P. 25(d).

>2007, the Social Security Administration ("SSA") denied plaintiff's application. (R. 69.) Thereafter, upon plaintiff's request (R. 74), a hearing was held before an Administrative Law Judge ("ALJ") on January 22, 2009, at which time Dylan and his mother and step-father testified. (R. 22-56.) In a decision issued April 24, 2009, the ALJ found that Dylan was not eligible for child's SSI benefits. (R. 10-21.) Plaintiff requested review by the Appeals Council on June 19, 2009 and submitted additional evidence. (R. 5-6.) On December 3, 2009, the Appeals Council denied plaintiff's request for review, and the ALJ's decision thus became the final decision of the Commissioner (R. 1-4). See Sims v. Apfel, 530 U.S. 103, 107 (2000).

Doc. No. 18 at 1-2.

Plaintiff contends the Commissioner's decision is not based on substantial evidence and that the Appeals Council erred when it denied review. In his recommendation, Judge Restrepo noted that, "[j]udicial review of the Commissioner's final decision is limited, and this court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards." Doc. No. 18 at 2 (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir 2000)). Judge Restrepo reviewed the administrative law judge's findings and determined that each finding was supported by substantial evidence. Judge Restrepo also found he could not review the Appeals Council's decision.

Plaintiff filed four objections challenging the substantiality of the evidence supporting the Commissioner's decision. The objections discuss four different pieces of evidence which the administrative law judge did not address in his decision. The Commissioner has responded arguing that the administrative law judge was not required to address every piece of evidence.

## II.  STANDARD OF REVIEW

I review *de novo* those portions of the magistrate judge's report to which timely and specific objection is made.  28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984).  Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), and review it for clear error, see Fed. R. Civ. P. 72(b) advisory committee's note.  In any case, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

## III.  DISCUSSION

Plaintiff has filed four objections which challenge that the Commissioner's final decision was not supported by substantial evidence.  Plaintiff first takes exception to the ALJ's refusal to consider a report by a teacher stating, "Dylan has marked impairments into domains."  Next, plaintiff argues the ALJ did not credit school reports showing that plaintiff required more and more special education as he grew older.  Plaintiff's two remaining objections pertain to the Commissioner's subsequent favorable decision granting plaintiff SSI.

As to the first two objections, the ALJ was not required to address the teacher's report and increasing special education classes.  An ALJ is not required to cite all evidence a claimant presents.  Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).  In failing to cite the proffered reports, the ALJ implicitly rejected the

evidence and was permitted to do so.  Id., at 205.  Judge Restrepo reviewed the ALJ record in great detail.  There was overwhelming evidence before the ALJ to support his finding that the plaintiff was not disabled.  Therefore, I will overrule plaintiff's objections.

The remaining objections pertain to a subsequent favorable decision regarding plaintiff.  The application for child's SSI, which is the subject of these objections, was filed by plaintiff's mother in 2007.  Once plaintiff obtained majority in 2011, he filed a new application for SSI which the Commissioner granted.  Plaintiff argues that you should consider this favorable ruling, because the impairments which plaintiff complained of in 2007 are the same impairments upon which the ALJ found the plaintiff disabled in 2011.  However, the factors in determining adult SSI, 20 CFR 416.920, are different from the factors in determining child SSI.  20 CFR 416.924.  Therefore, the favorable adjudication of plaintiffs claim for adult SSI does not mean that the determination on plaintiff's claim for child SSI was in error and cannot be used to reverse the ALJ's findings.  I will overrule the plaintiff's remaining objections.

## IV  CONCLUSION

After considering plaintiff's objections and a *de novo* review of Judge Restrepo's report and recommendation, I am satisfied that the Commissioner's decision is supported by substantial evidence.  Therefore, I will overrule the plaintiff's objections and adopt the report and recommendation.